UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORRINA MARKLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE ET AL,<br><br>　　　　　Defendant. | Case No. C22-5038-RSL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte* on its review of plaintiff Corrina Markley's complaint. (Dkt. # 1).

As a district court of the United States, the Court is a federal court of limited jurisdiction. It possesses "only that power authorized by the Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Whether the Court has power to hear a specific claim is known as its "subject-matter jurisdiction." By statute, Congress has given the Court subject-matter jurisdiction over two types of cases: (i) federal question cases, meaning "civil actions that arise under the Constitution, laws, or treaties of the United States," and (ii) diversity cases, meaning "civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Id. (citing 28 U.S.C. §§ 1331, 1332). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). As the party seeking a federal venue by filing a complaint in federal

ORDER TO SHOW CAUSE - 1

court, plaintiff has the burden of establishing the Court's subject-matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008).

It appears that plaintiff is asserting a claim of fraud, alleging that her former employer used duress to obtain her signature on a form, which it then used to deny her of a resolution of her pending Equal Employment Opportunity Commission ("EEOC") charge of discrimination. Fraud is a state law claim over which this Court lacks "federal question" subject-matter jurisdiction. Because plaintiff and at least one of the defendants are citizens of Washington, diversity of citizenship does not exist. Therefore, this Court also lacks "diversity" subject-matter jurisdiction. Without federal question or diversity subject-matter jurisdiction, the Court lacks the power to hear this claim.

Plaintiff is hereby ORDERED to show cause on or before February 22, 2022 why her fraud claim should not be dismissed for lack of subject-matter jurisdiction. If plaintiff has a federal claim, she should specify what it is in her response.

The Clerk of the Court is directed to place this order to show cause on the Court's calendar for February 25, 2022.

DATED this 24th day of January, 2022.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 2