UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORRINA MARKLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE ET AL,<br><br>        Defendant. | Case No. C22-5038-RSL<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on plaintiff Corrina Markley's response (Dkt. # 8) to the Court's order to show cause. (Dkt. # 4). The Court, acting *sua sponte*, ordered plaintiff to show cause why her fraud claim should not be dismissed for lack of subject-matter jurisdiction. Dkt. # 4. Plaintiff responded that she seeks civil damages pursuant to 18 U.S.C. § 241 (Conspiracy against rights). Dkt. # 8.

As a district court of the United States, the Court is a federal court of limited jurisdiction. It possesses "only that power authorized by the Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Whether the Court has power to hear a specific claim is known as its "subject-matter jurisdiction." By statute, Congress has given the Court subject-matter jurisdiction over two types of cases: (i) federal question cases, meaning "civil actions that arise under the Constitution, laws, or treaties of the United States," and (ii) diversity cases, meaning "civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Id. (citing 28 U.S.C.

ORDER OF DISMISSAL - 1

§§ 1331, 1332). If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

As discussed in the Court's order to show cause, diversity of citizenship does not exist. See Dkt. # 4. Therefore, the Court has power to hear this claim only if it has federal question subject-matter jurisdiction.

The statute under which plaintiff seeks civil damages is a criminal statute. It does not create a private right of action – i.e., plaintiff, as a private citizen, cannot sue under this statute. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) ("[18 U.S.C. § 241] do[es] not give rise to civil liability."). If a federal statute does not provide plaintiff a private right of action to sue, then it does not bestow federal question subject-matter jurisdiction. See In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1229 (9th Cir. 2008) ("If . . . [statute] does not contain a private right of action, the district court properly dismissed the . . . claim for lack of subject matter jurisdiction."). Because no private right of action exists under 18 U.S.C. § 241, plaintiff's claim must be dismissed for lack of subject-matter jurisdiction.

The Court finds no reasonable basis to conclude that the deficiencies can be cured by amendment. See Taylor v. Kolbaba, 909 F.2d 1489 (9th Cir. 1990) (mem.) (holding that claims brought under 18 U.S.C. § 241 could not be cured by amendment because there is no private right of action under this criminal statute). The Court reminds plaintiff that state-law claims, such as fraud, may be pursued in the state courts.

For all of the foregoing reasons, IT IS HEREBY ORDERED that the above-captioned matter be DISMISSED with prejudice. Plaintiff's motion for court-appointed counsel (Dkt. # 7) is DISMISSED as moot.

The Clerk of Court is directed to enter judgment for defendants and against plaintiff.

DATED this 8th day of February, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge